DANIEL LANCASTER *vs.* INHABITANTS OF RICHMOND.

Sagadahoc. Opinion June 1, 1891.

*Record. Judgment. Debt on judgment. Pleadings.*

In an action of debt upon judgment, where the defendant pleads *nul tiel record,* claiming that the record varies materially from the statement of the judgment declared on, the only question to be determined is whether such a judgment in fact exists as is alleged. If there is a material variance it will be fatal.

Where a judgment was rendered upon the award of a committee appointed to determine the amount of damage in consequence of the laying out of a town way across the plaintiff's land, and the award stated that the committee "do adjudge, determine and award to Daniel Lancaster of Richmond, or whoever may be the legal owner or owners of the land, the sum of nine hundred and

twenty-five dollars," *Held;* that under the plea of *nul tiel record* there was a valid judgment in favor of the plaintiff, and that the words "or whoever may be the legal owner or owners of the land," may be properly rejected as surplusage; and that any matter of defense existing prior to the rendition of the judgment cannot be interposed while such judgment stands unreversed.

ON EXCEPTIONS.

The case is stated in the opinion.

*C. W. Larrabee,* for the plaintiff.

The merits of a judgment can never be impeached or questioned in a counter action, by the judgment debtor, either directly or collaterally. *Pease* v. *Whitten,* 31 Maine, 117. Although judgment may be collaterally impeached when erroneously rendered to the prejudice of the rights of third parties, who have neither right to review nor to reverse judgment by writ of error, the rule does not extend to parties to the judgment. *Sidensparker* v. *Sidensparker,* 52 Maine, 481; *Granger* v. *Clark.* 22 Maine, 128; *Webster* v. *Reid,* 11 How. 437, 460; *Thatcher* v. *Gammon,* 12 Mass. 268, 269.

*Spaulding and Buker,* for the defendants, cited: *Minot* v. *Co. Com.* 28 Maine, 121, 125; *Thurston* v. *Portland,* 63 Maine, 149, 150; *Clark* v. *Insurance Company,* 81 Maine, 373.

FOSTER, J. Debt on judgment. A committee having been appointed in accordance with R. S., 1871, c. 18, § § 22 and 8, to determine the amount of damages in consequence of the laying out of a town way across the plaintiff's land, made their report which was subsequently accepted, and judgment entered on their award, together with costs. By that award the committee "adjudge, determine and award to Daniel Lancaster, of Richmond, or whoever may be the legal owner or owners of the land, the sum of nine hundred and twenty-five dollars."

The plaintiff declares upon a judgment in favor of Daniel Lancaster. The defendants plead *nul tiel record,* claiming that the record varies materially from the statement of the judgment in the plaintiff's declaration.

Whether such a judgment as is alleged by the plaintiff in fact exists is the only question to be determined under this plea. If there is a material variance it will be fatal. But if substantially proved as alleged it will suffice. The averments and proof

should be substantially identical, though it is not absolutely essential that the precise words of the record be followed. "Surplusage, or immaterial omissions not matters of substance," as the court remarks in *Whitaker* v. *Bramson*, 2 Paine, C. C. 209, "are attended with no other consequences than in other cases."

In the case before us we think there is no such substantial variance between the record and the plaintiff's declaration as to defeat his recovery. The award made and judgment rendered are in favor of Daniel Lancaster. True, the record discloses this additional statement,—"or whoever may be the legal owner or owners of the land." But this langauge may properly be treated as surplusage, and the omission of which in the declaration cannot be regarded as a material variance, or, if alleged, it might be treated as an unnecessary allegation. As said by the court in *Stoddart* v. *Palmer*, 3 B & C. 2, (10 E. C. L. 13,) "it is an unnecessary allegation, and may be rejected as surplusage ; and if it can be altogether struck out of the declaration without injury to the plaintiff's cause of action, the proof necessary to support such an allegation (when material) need not be given:"

The record discloses a valid judgment in favor of the plaintiff, and nobody else. It is subsisting and unreversed. It cannot as between the parties be impeached under the plea of *nul tiel record*. While it was undoubtedly proper for the committee making the award, to decide upon the title so far as it respects damage, (*Inhab. of Minot* v. *County Commissioners, Cumb. Co*. 21 Maine, 121,) there is nothing in the record which shows any such determination as against this plaintiff. The presumption is that they passed upon the title before judgment rendered. It is too late to interpose any matter of defense, so long as this judgment stands unreversed, which existed anterior to its rendition. At most, the record discloses, in addition to a valid judgment in favor of the plaintiff, only slight irregularities, but not such as to vitiate the judgment. The rights of parties ought not to be and as a general rule are not, defeated by mere harmless irregularities or clerical defects. *Exceptions overruled*.

PETERS, C. J., WALTON, VIRGIN, LIBBEY and WHITEHOUSE, JJ., concurred.